**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5452

JOHN HENRY JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-94-360)

Submitted: April 15, 1997

Decided: April 30, 1997

Before HALL, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Rene Josey, Florence, South Carolina, for Appellant. J. Preston
Strom, Jr., United States Attorney, Robert H. Bickerton, Assistant
United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A grand jury indicted John Henry Johnson and others on various charges relating to a drug conspiracy that operated in and around Myrtle Beach, South Carolina. Johnson elected to go to trial; however, after four days of extremely incriminating testimony and pursuant to an oral plea agreement, he entered a guilty plea to conspiracy to distribute cocaine, crack cocaine, and heroin, 21 U.S.C. § 846 (1994). As part of the plea agreement, the parties stipulated that Johnson would be held accountable at sentencing for at least 50 but less than 150 grams of crack and that he would not receive a two-level upward enhancement for possession of a dangerous weapon, USSG § 2D1.1(b)(1).**1**

A probation officer recommended that Johnson's offense level was 34, reflecting a base offense level of 32, a two-level enhancement under USSG § 2D1.1(b)(1), and no downward adjustment for acceptance of responsibility, USSG § 3E1.1(a). Based on the offense level of 34 and Johnson's criminal history category of VI, the probation officer recommended a guideline range of 262-327 months. Johnson objected in writing to this recommendation, arguing that his offense level should be reduced by two levels because of his acceptance of responsibility. USSG § 3E1.1(a). At sentencing he also objected to the two-level enhancement for use of a firearm.

The district court accepted Johnson's objections. The court concluded that his offense level was 30 and his criminal history category was VI, for a guideline range of 168-210 months. Johnson was sentenced to 168 months in prison.

Johnson now appeals his conviction and sentence. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising several issues but stating that in his opinion there exist no meritorious grounds for appeal. Johnson has filed a pro se supple-

_____

**1** United States Sentencing Commission, Guidelines Manual (Nov. 1994). Johnson was sentenced on May 26, 1995.

mental brief. After a complete and independent review of the record and briefs, we affirm.

Counsel first claims that the district court did not fully comply with the requirements of Fed. R. Crim. P. 11. However, counsel identifies no specific instance where the district court violated Rule 11 and admits that the court substantially complied with the Rule, with any irregularity constituting harmless error under Fed. R. Crim. P. 11(h).

Our review of the plea colloquy convinces us that the district court conducted a clear and thorough hearing, insuring that Johnson understood the rights that he would forego by pleading guilty, the elements of the charge to which he was pleading guilty, the penalties he faced, the impact of the sentencing guidelines, and the effect of the plea agreement. The court ascertained that Johnson's plea was voluntary and based on discussions with his attorney. Having heard four days of incriminating testimony, the court determined, and Johnson acknowledged, that a factual basis existed for the plea. The court complied fully with Rule 11, and this claim is without merit.

Counsel and Johnson in his pro se brief claim that the district court should not have accepted the drug weight stipulated to by the parties. Johnson did not object at either the Rule 11 proceeding or at sentencing to the stipulated amount. Generally, a defendant who fails to raise an objection in the district court waives appellate review of his claim absent plain error. Fed. R. Crim. P. 52(b); United States v. Henoud, 81 F.3d 484, 487 n.8 (4th Cir. 1996). As the record reveals that the amount of crack stipulated to was a conservative estimate,[2] there was no plain error.

In accordance with Anders, we have examined the entire record in this case and find no reversible error. We therefore affirm the conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the United States Supreme Court for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

---

[2] At trial, James White testified that he delivered three ounces, or 85.05 grams, of crack to Johnson in August 1991. This was only one of many drug transactions in which Johnson was involved.

3

move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the record and briefs, and argument would not aid the decisional process.

AFFIRMED

4